For the reasons before stated the judgment is reversed, and the cause remanded. All concur.

----

THE STATE v. FITZPORTER, *Appellant.*

1.  Criminal Law : ABORTION : STATUTE. It is a sufficient defence, on the trial of one indicted under Revised Statutes, section 1241, for producing an abortion on a woman pregnant with a quick child, that it was done *either* because necessary to preserve the life of the mother, *or* because it was advised by a physician as necessary for that purpose.

The State v. Fitzporter.

2.  ——— : ——— : INSTRUCTION.  An instruction given for the state, on such trial, which requires the jury, in order to acquit the defendant, to find the existence of both of the above defences is erroneous.

*Appeal from St. Louis Criminal Court.*—HON. J. C. NORMILE, Judge.

REVERSED AND REMANDED.

*C. C. Simmons* and *G. S. Van Wagoner* for appellant.

(1)  The first instruction was fatally erroneous.  By using the conjunctive "and" instead of the disjunctive "or," as it appears in the statute, it assumes that it was incumbent upon the defendant, if he committed the abortion, to establish, not only that he acted by the advice of a physician, but also, and, in addition thereto, that it was necessary to preserve the mother's life, and so the jury must have understood it.  The instruction is not in accordance with the statute, or with the authorities.  *Moody v. State*, 17 Ohio St. 110 ; *State v. Meek*, 70 Mo. 355 ; *State v. Clement*, 14 Pac. Rep. 410.  As to one defence, the instruction erroneously shifts the burden of proof from the state to the defendant.  It was calculated to mislead and prejudice the jury, and it is hardly supposable that it could have operated otherwise.  *Burgert v. Borchert*, 59 Mo. 80.  (2) The defendant, who is a practicing physician, is not included within the words, "any person," of the statute.  R. S., sec. 1241.

*B. G. Boone*, Attorney General, for the state.

(1)  Appellant, although a physician, is clearly within the terms of the statute.  R. S., sec. 1241, The words, "every person," are not limited by the exception, that a defendant shall not be held amenable if the act is done under the advice of a physician, so as to

exclude physicians. The exception, as to physicians, simply enables them, when an abortion is performed through necessity, to admit its commission and justify their action under the statute. This is the only rational construction that can be given the law. (2) The instructions given clearly presented the law to the jury, and are not objectionable.

SHERWOOD, J.—Omitting the formal parts, the indictment is as follows:

"That John L. Fitzporter, late of the city of St. Louis, on the first day of December, in the year of our Lord one thousand eight hundred and eighty-six, in the city of St. Louis, aforesaid, with force and arms, in and upon the body of one Della Myers, a woman then and there pregnant with a quick child, did, then and there, wilfully, feloniously, and unlawfully make an assault, and did, then and there, wilfully, feloniously, and unlawfully use and employ in and upon the body and womb of the said Della Myers, a certain instrument, the nature and description of which is to the grand jurors unknown, and did, then and there, wilfully and feloniously thrust and force the said instrument into the private parts and womb of the said Della Myers with the intent, then and there, to destroy said quick child, the same not being necessary to preserve the life of the said Della Myers, the mother of the said quick child, and not being advised by a physician to be necessary for that purpose, and by means, and in consequence of the use and employment of the said instrument in and upon said Della Myers by the said John L. Fitzporter, as aforesaid, the death of the said quick child, then and there, ensued and was caused. And so the grand jurors aforesaid, upon their oath aforesaid, do say that the said John L. Fitzporter, the said quick child of and in the said Della Myers, in the manner and form aforesaid, and by the means aforesaid, wilfully, feloniously, and unlaw-

fully did kill, destroy, slay, and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Missouri."

Here is the section of the statute on which the indictment is based :

"Section 1241. *Manslaughter in the second degree.* —Every person who shall administer to any woman, pregnant with a quick child, any medicine, drug, or substance whatsoever, or shall use or employ any instrument, or other means, with intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother, *or* shall have been advised by a physician to be necessary for that purpose, shall, if the death of such child, or mother thereof, ensue from the means so employed, be deemed guilty of manslaughter in the second degree."

Tried, the defendant was found guilty, and his punishment assessed at four years imprisonment in the penitentiary.

The first instruction given on behalf of the state is this :

"By this indictment, the defendant stands charged with manslaughter in the second degree. The court, in this connection, instructs the jury as follows : If you believe and find, from the evidence, that, in the city of St. Louis, and at any time within three years before the finding of this indictment, the defendant, with force and arms, in and upon the body of one Della Myers, '*a woman then and there pregnant with a quick child,*' did, then and there, wilfully, feloniously, and unlawfully make an assault, and that he did, then and there, wilfully, feloniously, and unlawfully use and employ in and upon the body and womb of the said Della Myers the instrument referred to in the indictment, and that he did so thrust and force the said instrument into the private parts and womb of the said Della Myers, with

the intent, then and there to destroy said *quick child*, and that the same was not necessary to preserve the life of the said Della Myers, the mother of *the said quick child, and that the same, namely, the employment of the instrument, as aforesaid, was not advised by a physician to be necessary for the purpose for which the said instrument was used;* and if you find that, by means, and in consequence of the use and employment of said instrument, as aforesaid, upon Della Myers by the defendant, John L. Fitzporter, as aforesaid, the death of the said quick child was feloniously caused and effected, as charged, you will find the defendant guilty, as charged in the indictment, and assess his punishment at imprisonment in the penitentiary for not less than three nor more than five years."

Under the terms of the statute, if the destruction of a quick child was necessary in order to preserve the life of the mother, this was a complete defence to any prosecution based upon said section. But it was an equally good defence to such prosecution, if such destruction was "advised by a physician to be necessary for that purpose." Under the terms of the instruction, however, the destruction of the child must not only have been necessary, but such destruction must have been advised by a physician to be necessary. The instruction, therefore, cast upon the shoulders of the defendant a greater burden than the statute required him to bear.

For this error, the judgment must be reversed and the cause remanded. All concur.